
October 30, 2025

**Celena R. Mayo**
212.915.5854 (direct)
Celena.Mayo@wilsonelser.com

Hon. Mary Kay Vyskocil, USDJ
United States Courthouse
500 Pearl St.
New York, NY

    Re:    **Argudo, et al. v. 808 Lex Restaurant, LLC d/b/a Il Gradino et al**
           **SDNY Index No:**    **25 cv 06251 (MKV)**
           <u>**Our File No.:**    **TBA**</u>

Dear Judge Vyskocil:

My office was yesterday, October 29, 2025, retained to represent defendants, 808 Lex Restaurant, Terrence Lowenberg, and Todd Cohen, in the captioned matter. We write because we understand that there is a pending motion for default judgment against all defendants and to respectfully request that the Court deny the motion outright, allow our clients the opportunity to defend the action *nunc pro tunc*, and in doing so, grant us until November 20, 2025, to file a response to the Complaint. In the alternative, we respectfully request that the Court allow us two weeks, until November 12, 2025, to formally oppose the pending motion. I called plaintiffs' counsel about this issue yesterday however he was not available, so I left a voice mail and have not heard back from him. As a result, I cannot say whether he consents to this request. As explained in further detail below, the individual defendants do not appear to have been served, rendering default against them inappropriate, and while 808 Lex Restaurant, LLC (the "Restaurant") appears to have been properly served via the New York Secretary of State on August 11, 2025, it was closed and therefore it did not receive notice of that service. Accordingly, to the extent there was an original due date, it would have been September 2, 2025, i.e., 21 days from the date of service on the Secretary of State. This is defendants' first request for additional time.

While the sequence of events that proceed our appearance is somewhat unclear, Mr. Lowenberg and Mr. Cohen both deny having been served with the Complaint. As it relates to Mr. Cohen, the affidavit of service purporting to document service on him reflects that a "co-worker" of Mr. Cohen's who was of suitable age and discretion, accepted service of the Complaint and that the Complaint was later mailed to Mr. Cohen at the same address (340 W. 12th St., NY NY 10014), which is described as Mr. Cohen's place of business. *See* Dkt. at 11. However, 340 W. 12th St. is Mr. Cohen's home address, not his business address and there is no "co-worker" of his there to accept service. Moreover, Mr. Cohen states that he did not receive a copy of the complaint either via a "co-worker" or via US Mail and instead, the first notice he received in this matter was the October 22, 2025, Notice of Motion to Enter Default Judgment which arrived via US Mail on October 27, 2025. *See* Dkt. at 33.
150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

323305460v.1

Similarly with respect to Mr. Lowenberg, although on or about August 1, 2025, he was advised that a complaint had been filed against 808 Lex Restaurant, LLC (the "Restaurant"), he received no notice of service via his "Doorman" as noted on the affidavit of service, and did not receive a copy of the Complaint by US Mail. *See* Dkt. at 12. Instead, the first notice he received of any attempted service was when he received the October 22, 2025, Notice of Motion to Enter Default Judgment which was sent to him via US Mail.

As it relates to the Restaurant, it is our understanding that the Restaurant ceased operations on or about July 31, 2025. While the affidavit of service states that the Restaurant was served via the Secretary of State on August 11, 2025, it was not provided with notice of that service. *See* Dkt. at 7.

We thank the Court for its consideration and apologize on behalf of our clients for the lack of clarity around the present issues.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Celena R. Mayo


Cc: Roman Avshalumov
    Helen F. Dalton & Associates
    Plaintiffs' Counsel
    via ECF