# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

December 22, 2025

**Via ECF**:
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312
Email: VyskocilNYSDChambers@nysd.uscourts.gov

      Re:      **Argudo et al v. 808 Lex Restaurant, LLC et al.**
                    Civil Docket No.: 1:25-cv-06251-MKV

Dear Judge Vyskocil:

      Our office represents Plaintiff, Marcelo Fernando Argudo, and opt-in Plaintiffs Juan Andres Gasperi Quintero, Adrian Gonzalez Velez and Luis Yauri, individually on behalf of all others similarly situated ("Plaintiffs") in in this FLSA action, and we respectfully submit this joint letter, together with counsel for the Defendants, as required by this Court's Individual Rules of Practice and pursuant to the Court's December 6, 2025 Order for Initial Pretrial Conference. *See* Dkt. No. 47.

1. **A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case.**

**Plaintiffs' Principal Claims:** Plaintiff Marcelo Fernando Argudo commenced this action against 808 Lex Restaurant, LLC d/b/a IL Gradino, and Terrence Lowenberg and Todd Cohen, as individuals (collectively, "Defendants"), to recover damages against the Defendants for his alleged unpaid overtime wages pursuant to the FLSA and NYLL, as well as violations of the Notice and Recordkeeping, and wage statement requirements pursuant to the NYLL.

      Opt-in Plaintiffs Juan Andres Gasperi Quintero, Adrian Gonzalez Velez and Luis Yauri filed their consent to join this case on August 20, 2025. *See* Dkt. Nos. 8-10.

      Plaintiffs alleged that they were employed by Defendants during various times, encompassing the period from in or around May 2021 until in or around August 2025, with primary job duties and tasks as a food preparers, cooks, runners, waiters and cleaners, while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendants.

Plaintiff alleged that they regularly worked 50 to 66 hours per week for the Defendants during their employment and received flat daily, weekly and hourly rates that did not properly compensate them for their overtime work performed.

Based on the foregoing, Plaintiffs allege that although they regularly worked for the Defendants in excess of forty (40) hours per week, from various beginning times, during the relevant statutory period, the Defendants failed to pay Plaintiffs at a wage rate of time and a half (1.5) for each of their hours regularly worked over forty (40) in a work week in violation of the overtime provisions contained in the FLSA, and the NYLL.

Lastly, the Complaint alleges that the Defendants failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA; and failed to keep payroll records as required by both NYLL and the FLSA, among other NYLL violations.

The primary factual issues most important to resolving the case will likely revolve around any potential factual disputes as to the alleged dates of Plaintiffs' employment, the alleged hours worked and the alleged amounts paid to Plaintiffs.

**Defendants' Position:**

Defendants deny the allegations set out in the Complaint and maintain that kitchen staff, i.e., cooks, dishwashers, etc., were appropriately paid and the claims of any waiters, busboys, runners, etc., including but not limited to the claims of opt in plaintiffs Juan Andres Gasperi Quintero and Adrian Gonzalez Velez, are barred by the class action settlement in *Tenezaca v. 808 Lex Restaurant*, LLC, e*t al*, SDNY Index No. 23-8545. Moreover:

- While the Complaint and plaintiffs' statements in the present letter to the Court, assert that the claims are brought as a collective/class action, on December 15, 2025, during the parties' R. 26 conference, Plaintiffs' counsel represented that they are not seeking to recover on a collective/class basis.

- Although in his present letter to the Court named plaintiff Argudo alleges that his complaint is brought on behalf of "food preparers, cooks, "*runners, waiters*" and cleaners" the Complaint makes no reference to runners, waiters, or indeed any other staff that interacted with restaurant patrons, i.e., it makes no reference to front of house staff.

2. **A brief statement by the plaintiff, or by the defendant in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In cases invoking the Court's diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust.**

**Plaintiff's Position:** This District Court has subject matter jurisdiction over Plaintiffs' federal claims arising under the FLSA, pursuant to 29 U.S.C. §216 and 28 U.S.C. §1331.

This Court has supplemental jurisdiction over Plaintiffs' other state law claims (under the NYLL) pursuant to 28 U.S.C. §1367.

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

**Defendants position**: The Court has federal question jurisdiction over the case pursuant to 28 U.S.C. §1331.

**3. A statement of procedural posture, including a. A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference.**

**Plaintiff:** Plaintiff previously moved for an entry of default judgment, however, that motion was denied as moot, once Defendants retained counsel and appeared in the action. Plaintiffs are not contemplating any other motions at this time.

**Defendants:**

**Procedural Posture**: Defendants appeared and Answered the Complaint on December 4, 2025, after moving for an enlargement of time and moving to deny plaintiffs' motion for default judgment.

**Contemplated Motion Practice:** Defendants are contemplating the following motions:

i) An FRCP Rule 12 (c) motion to dismiss the claims of opt in plaintiffs Juan Andres Gasperi Quintero and Adrian Gonzalez Velez on the grounds that their claims are barred pursuant to the class action release and waiver in the matter of *Tenezaca v. 808 Lex Restaurant*, LLC, et al, SDNY Index No. 23-8545. In an attempt to avoid motion practice defense counsel has requested that plaintiffs withdraw the claims of Gasperi Quintero and Gonzalez Velez.

ii) An FRCP Rule 12 (c) motion to dismiss all front of house claims on the grounds that such claims are barred pursuant to the class action release and waiver in the matter of *Tenezaca v. 808 Lex Restaurant*, LLC, et al, SDNY Index No. 23-8545. To the extent plaintiffs do not agree to limit their claims to the back of house staff, defendants will proceed with the proposed motion.

iii) *Cheeks v. Freeport Pancake House* motion to approve settlement.

**4. A brief description of any discovery that has already taken place, and a brief description**

**of any discovery that the parties intend to take in the future.**

The parties have not completed any discovery to date. The parties intend to conduct discovery pursuant to the parties' proposed case management plan, which includes dates for the exchange of initial requests for production of documents and interrogatories and responses thereto as well as depositions.

5. **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have discussed the possibility of settlement. The parties would like a referral to the Court-annexed mediation program.

6. **Any other information the parties believe may assist the Court in resolving the action.**

None at this time.

We thank the Court for its kind consideration on this matter, and we remain available to provide any additional information.

Respectfully submitted,

*Katelyn Schillaci*
Katelyn Schillaci, Esq.